| | |
|---|---|
| | HONORABLE RONALD B. LEIGHTON |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL A JACKSON, | CASE NO. C13-5582 RBL |
| Petitioner, | ORDER ON VARIOUS MOTIONS |
| v. | [Dkt. #s 7, 11, and 14] |
| KEVIN G RINGUS, | |
| Respondent. | |

THIS MATTER is before the Court on the Report and Recommendation of Magistrate Judge Creatura [Dkt. #7], Petitioner Jackson's Motion for Release or Stay [Dkt. #11] and Jackson's Motion for appointment of Counsel [Dkt. #14].

Judge Creatura recommends that this Court dismiss Jackson's petition for writ of habeas corpus under 28 U.S.C. §2254 for failure to provide an address, to prosecute the action, or to comply with a prior court order. In response[1], Jackson notified the Court of his new address [Dkt. #8] and informed the Clerk's office that he did not do so earlier because he was in jail. Jackson has apparently spent time in both the King County Jail and Western State Hospital.

---

[1] Mr. Jackson's notification may not have been triggered by the Report and Recommendation, because that document was returned to the Clerk's office as "undeliverable" [*See* DKt. #s 9 and 10], *after* Petitioner filed his change of address.

1    It appears that plaintiff's failures are not entirely his fault. The Court will permit the
2 Petitioner one more chance to prosecute his §2254 petition. The Court therefore REJECTS the
3 Report's recommendation of dismissal without prejudice, and declines to adopt the R&R on that
4 basis.

5    Petitioner's Motion for Release (apparently from Western State, where he has been
6 committed by a King County Judge) is not clear. It gives the court no factual or legal basis for
7 overturning the decision of another Court. That Motion [Dkt. #11] is DENIED without
8 prejudice.

9    Petitioner's Motion for appointment of Counsel asks only that the Court do so in the
10 name of "justice." It does not allege any factual or legal basis for appointment of counsel.

11   Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person
12 unable to afford counsel. Under §1915, the court may appoint counsel in exceptional
13 circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional
14 circumstances, the court must evaluate the likelihood of success on the merits and the ability of
15 the petitioner to articulate the claims pro se in light of the complexity of the legal issues
16 involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

17   The elements are to some extent competing: it is difficult to show both that a case has
18 merit and that the party seeking to pursue it cannot articulate it without the assistance of an
19 attorney. Nevertheless, Petitioner here has made no showing at all that his case has any
20 likelihood of success on the merits. The Motion for appointment of counsel [Dkt. #14] is
21 DENIED without prejudice.

22   The Petitioner should file an amended petition that addresses the issue raised in the
23 court's prior order [*see* Dkt. #5] about his earlier deficiencies by **February 7, 2014**.
24

1  This matter is RE-Referred to the Magistrate Judge for consideration of the Amended
2 Petition.
3  IT IS SO ORDERED.
4  Dated this 13th day of January, 2014.

  RONALD B. LEIGHTON
  UNITED STATES DISTRICT JUDGE