UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL A JACKSON,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>KEVIN G RINGUS,<br><br>　　　　　　Respondent. | CASE NO. C13-5582 RBL-JRC<br><br>SECOND REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE<br><br>NOTED FOR:<br>APRIL 4, 2014 |

　　　　The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state misdemeanor conviction. Thus, the petition is filed pursuant to 28 U.S.C. § 2254.

　　　　The Court recommends dismissing this petition with prejudice based on petitioner's repeated failure to comply with Court orders.

　　　　On July 29, 2013, the Court ordered petitioner to file an amended petition (Dkt. 5). The Court gave petitioner until August 30, 2013 to comply with that order (*id.*). On August 13, 2013 the post office returned the Court's order as undeliverable because Mr. Jackson was no longer living at the address provided to the Court (Dkt. 6).

REPORT AND RECOMMENDATION - 1

More than sixty days went by and in November of 2013 the Court recommended dismissal of the petition pursuant to Local Rule 41(b)(2). Petitioner then filed a number of pleadings and the District Court declined to adopt the Report and Recommendation and gave petitioner another chance to prosecute this action (Dkt. 15). The District Court ordered that petitioner file an amended petition by February 7, 2014 (*id*.).

As of March 10, 2014, petitioner has failed to comply with the District Court's order. The undersigned again recommends dismissal of this petition. In this instance, the dismissal would be with prejudice pursuant to Fed. R. Civ. P. 41(b). Fed. R. Civ. P. 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Petitioner's repeated failure to comply with the Court's orders and the Court's inherent power to control its own docket militate toward dismissal of this matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on April 4, 2014, as noted in the caption.

Dated this 11th day of March, 2014.

J. Richard Creatura
United States Magistrate Judge